UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

PATRICK FINNIE                    :
                                  :
     v.                           :
                                  :     CIVIL NO. 1:04CV129
BOMBARDIER MASS TRANSIT           :
CORPORATION                       :
_____ :

## RULING ON MOTION FOR CLASS CERTIFICATION
(Paper 12)

Defendant Bombardier Mass Transit Corporation (hereinafter "Bombardier") is a manufacturer of rail cars and similar mass transit vehicles. On September 13, 2002, the company announced its decision to "temporarily suspend" operations at its facility in Barre, Vermont. At that time, plaintiff Patrick Finnie was employed at the Barre plant.

In this putative class action, the plaintiff alleges Bombardier violated the Worker Adjustment and Restraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 et seq., when it failed to provide workers with 60 days' advance notice of termination in connection with the closing of its Barre plant. See Complaint at paras. 18-25. According to the plaintiff's first estimates, his proposed class numbers approximately 125, a figure which includes the 23 people actually working at the plant, "as well as approximately 104 people on temporary layoff at that time." Pl.'s Mem. (Paper 15) at 5.

1

On May 10, 2005, the Court held a hearing on several pending motions, including plaintiff's Motion for Class Certification. At that hearing, the Court reserved decision on this motion until the parties could conduct further discovery related to the layoffs and the potential class. Both parties now have conducted discovery and filed supplemental memoranda on the issue of class certification; therefore, this motion is ready for review.

The plaintiff asks to be a class representative under Rules 23(a), 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 23 (a),

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the requirements of Rule 23(a), subsection (b) of Rule 23 imposes additional requirements which must be satisfied before the Court may grant class action status. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 484 (2d Cir. 1995). The plaintiff maintains he satisfied both Rule 23(b)(1)(B), which requires a finding that "adjudications with respect to individual members of the class . . . would as a practical matter be dispositive of the interests of others not

2

parties to the adjudications" and Rule 23(b)(3), which requires a determination that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

As a threshold matter, the plaintiff has not satisfied all the requirements set forth in Fed. R. Civ. P. 23(a). After the completion of discovery on the class issue, it is clear that the plaintiff cannot satisfy the numerosity requirement.

Plaintiff seeks to certify the following class: "All former employees of Bombardier's Barre, Vermont facility who suffered employment losses as a result of a plant closing or mass layoff which occurred on or about September 13, 2002, who were entitled to notice under the WARN Act, and who did not receive at least sixty days written notice of such loss as required by the WARN Act." Pl.'s Supp. Mem. (Paper 38) at 2. The plaintiff, however, seeks to meld two distinct groups of individuals: one group of 19 active employees and a second of 87 employees whom the defendant had already laid off before the plant closed. See Paper 38 at 5. The group of employees of which plaintiff is a part has only 19 members, a number clearly insufficient to meet the numerosity requirement. See, e.g., Consol. Rail, 47 F.3d at 483 ("numerosity is presumed at a level of 40 members"); cf. Cruz v.

3

Robert Abbey, Inc., 778 F. Supp. 605, 612 (E.D.N.Y. 1991) (certifying a WARN Act class of "at least 114 persons").

Furthermore, the distinction between the two groups, one's status as active employees and the other's as laid-off employees, indicates the plaintiff's proposed class cannot meet the commonality and typicality requirements under Rule 23(a)(2) and (3). "The commonality requirement is met if plaintiff's grievances share a common question or law or fact," while "typicality requires that the claims of the class representative be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001) (citation and quotations omitted). "The crux of both requirements is to ensure that maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Marisol A. by Forbes v. Guiliani, 126 F.3d 372, 376 (2d Cir. 1997) (citation and quotations omitted).

Under the WARN Act, only temporarily laid off employees with a "reasonable expectation of recall" are considered "employees." See Kildea v. Electro-Wire Prod., Inc., 144 F.3d 400, 405 (6th

4

Cir. 1998).  Whether any of the 87 laid-off employees whom the plaintiff seeks to include as part of his putative class had a reasonable expectation of recall presents legal and factual issues which are distinct from the those implicated by the plaintiff's own status as an active employee on the date of the plant closing.  Accordingly, the plaintiff does not meet all four mandatory requirements for class action certification set forth in Fed. R. Civ. P. 23(a).

The Motion for Class Certification is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 4th day of October, 2005.

J. Garvan Murtha
United States District Judge